CV 13- 1660

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JOSE MANUEL MARISCAL JR.,

Plaintiff,

v.

GREG'S IRON WORKS INC., FERRO FABRICATORS, and ELLIOT SOSINOV,

Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

REYES, M.J

Plaintiff JOSE MANUEL MARISCAL JR., by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, upon information and belief, complains as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action charging that Defendants violated the Fair Labor Standards Act 29 U.S.C. §201 *et seq.* ("FLSA") and New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay time and a half for hours worked in excess of forty (40) hours per workweek, and seeks to recover unpaid back wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs. **Defendants required Plaintiff to work more than forty (40) hours a week, but did not pay him overtime wages for the hours he worked over forty (40) in a week**.

2. Plaintiff also complains pursuant to the New York City Human Rights Law Administrative Code § 8-107 *et seq.* ("NYCHRL") and seeks to recover damages as a result of being **discriminated against, sexually harassed,** and ultimately **terminated** by his employer **on the basis of his national origin, gender, sexual harassment (hostile**

**work environment), perceived sexual orientation, and in retaliation** for complaining about such discrimination.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4. This Court has supplemental jurisdiction over the claims of Plaintiff brought under city law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district, pursuant to 28 U.S.C. §1391(b), based upon Defendants' residency within the County of Kings, State of New York, within the Eastern District of New York.

## PARTIES

6. At all relevant times, Plaintiff JOSE MANUEL MARISCAL JR. ("Mariscal" or "Plaintiff") is a resident of the State of New York, County of Queens.

7. Defendant GREG'S IRON WORK, INC. ("GREG'S") is a for-profit business corporation organized and existing under the laws of the State of New York with a principal place of business located at 1119 38th St., Brooklyn, Kings County, New York, 11218.

8. Defendant FERRO FABRICATORS ("FERRO") is a for-profit business corporation organized and existing under the laws of the State of New York with a principal place of business located at 1119 38th St., Brooklyn, Kings County, New York, 11218.

9. Defendants GREG'S and FERRO are "integrated employers," as they have common management, share financial control of all companies, share centralized control of labor relations and share employees.

10. That at all times relevant hereto, Plaintiff MASICAL was an employee of Defendant GREG'S and Defendant FERRO.

11. At all times relevant hereto, upon information and belief, Defendant ELLIOT SOSINOV ("SOSINOV") is a resident of the State of New York.

12. At all times relevant hereto, Defendant SOSINOV was employed by Defendant GREG and Defendant FERRO as a Project Manager and had supervisory authority over Plaintiff MARISCAL.

13. Defendant GREG'S, Defendant FERRO, and Defendant SOSINOV are collectively referred hereto as "Defendants."

14. At all times relevant hereto, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiff MARISCAL.

15. At all times relevant hereto, Defendants had the power to, and did in fact, establish the terms of Plaintiff MARISCAL's employment, including Plaintiff MASICAL's schedule and rate of pay.

16. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, all Defendants are liable as "employers" under the FLSA.

17. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

18. At all times material, Defendants did, and continue to do, substantial business in New York, and engage in commerce or the production of goods for commerce within the meaning of the FLSA.

19. Upon information and belief, Defendants grossed more than $500,000.00 in the past fiscal year.

## MATERIAL FACTS

20. Beginning in July 2011 and at all relevant times herein, Plaintiff MARISCAL was employed by Defendants as a fabricator and installer of custom metalwork for various construction projects in the State of New York.

21. During this time, Plaintiff MARISCAL was paid approximately $13.50 per hour, and slightly more after a raise in January 2012, earning between $1,000 and $1,600 in a two week period.

22. At all times, Plaintiff MARISCAL was fully capable of performing, and did fully perform, all of his duties as an employee of Defendants.

23. In fact, during Plaintiff MARISCAL's tenure with Defendants, he was given increased job responsibilities as well as assigned complicated tasks that other similarly situated workers were unable to complete properly or effectively.

24. Because of Plaintiff MARISCAL's excellent performance, he was routinely required to work extremely long hours, sometimes as long as eighteen (18) hours per day without breaks or lunch.

25. Despite working more than twelve (12) hours per day, and despite regularly and routinely working more than forty (40) hours per week, Plaintiff did not receive spread of hours pay or overtime pay from Defendants.

26. **In fact, Defendants never provided Plaintiff MARISCAL with a breakdown of time for which he was being compensated, just a statement that reflected the gross and net pay he received for the two week pay period.**

27. **<u>However, based on these limited pay stubs, it is clear that Plaintiff rarely, if ever, received any overtime compensation for any hours he worked in excess of forty (40) hours per week or an additional hour at $7.25 per day when he worked more than twelve (12) hours in a day.</u>**

28. Plaintiff MARISCAL, from the second week of his employment with Defendants, consistently worked over forty (40) hours per week.

29. Additionally, from the beginning of his employment, Plaintiff MARISAL was subjected to constant degrading remarks.

30. By way of example, during his second week of employment, Defendant SOSINOV told Plaintiff MARISCAL he was "**<u>just another Mexican</u>**."

31. Plaintiff MARISCAL immediately told Defendant SOSINOV he was offended by that comment, but Defendant SOSINOV just laughed and continued to mock Plaintiff MARISCAL.

32. Even worse, Defendant SOSINOV's blatant disregard for such discriminatory remarks enabled others in the workplace to partake in such discriminatory behavior.

33. By way of example, in or about September 2011, one of Defendants' employees brought in a Diego doll and placed the Diego doll on top of Plaintiff MARISCAL's wielding machine.

34. Thereafter, until Plaintiff MARISCAL's unlawful termination, all of Defendants' employees, including Defendant SOSINOV, **<u>called Plaintiff MARISCAL "Diego</u>**" instead of Jose.

35. **<u>Plaintiff MARISCAL complained to Defendant SOSINOV about this discriminatory behavior and informed Defendant SOSINOV that his name is Jose,</u>**

**not Diego. In response, Defendant SOSINOV informed Plaintiff MARISCAL that he was Mexican and looked like the doll, therefore he was going to continue to call Plaintiff MARISCAL "Diego."**

36. On or about early July 2012, Plaintiff MARISCAL requested July 4th off as vacation, to which Defendant SOSINOV responded that Plaintiff MARISCAL could only take off July 3rd, not July 4th, and that Plaintiff MARISCAL was a **"lazy Mexican."**

37. Throughout Plaintiff's employment with Defendants, Defendants also called Plaintiff MARISCAL a variety of other names, including **"Cunt," "Queer," "My Bitch," "Asshole," "Loser," "Gay," "Chucho," "Prick," "Lazy Mexican," "Complaining Bitch," and "Blyat" (Bitch in Russian).**

38. By way of example, Defendant SOSINOV walked into the room when Plaintiff MARISCAL and another employee were changing out of their work clothes and stated: "What are you guys doing in here? **I thought you fags were fucking each other**."

39. Additionally, almost on a daily basis, Defendant SOSINOV would tell Plaintiff MARISCAL he "**looked gay**."

40. This behavior from Defendant SOSINOV, the Project Manager, only facilitated and encouraged sexual harassment from other employees of Defendants, like Antonio Castro.

41. By way of example, Mr. Castro once came up behind Plaintiff MARISCAL in the locker room, stated that he would like to 'do it to [Plaintiff MARISCAL],' and exposed his underwear to Plaintiff MARISCAL in a sexual way. Despite Plaintiff MARISCAL's immediate object, Mr. Castro only responded that he would not stop until he one day convinced Plaintiff MARISCAL to engage in some sort of sexual relations.

42. Plaintiff MARISCAL reported this behavior to Defendant SOSINOV after enduring this

constant sexual harassment for several weeks, but Defendant SOSINOV refused to rectify the situation.

43. The sexual harassment from Mr. Castro only grew worse.

44. **By way of example, Mr. Castro would stand next to Plaintiff MARISCAL as he changed and lick his lips. Mr. Castro would also refuse to give Plaintiff MARISCAL tools unless Plaintiff MARISCAL called Mr. Castro "Papi" and would stroke a 1½ round chisel as if it were his penis and lick his lips at Plaintiff MARISCAL.**

45. **On one occasion, Mr. Castro took all of Plaintiff MARISCAL's highlighters and drew veins on them with the intention of making them look like penises.**

46. Despite Plaintiff MARISCAL's frequent objections directly to Mr. Castro, and complaints regarding this behavior to Defendant SOSINOV, the sexual harassment persisted in a frequent and almost daily basis.

47. As a result of the constant abuse Plaintiff MARISCAL suffered, Plaintiff MARISCAL had frequent bad dreams, endured emotional pain and suffering, fear, depression, and anxiety.

48. However, Plaintiff MARISCAL continued working for Defendants, despite the abuse and harassment of his coworkers and supervisor, because he needed the wages to support his wife and family.

49. **On or about August 8, 2012, as a result of Plaintiff MARISCAL's complaints of sexual harassment and discrimination, Defendants terminated Plaintiff MARISCAL's employment.**

50. As a result of Defendants' discriminatory actions, Plaintiff feels extremely humiliated,

degraded, victimized, embarrassed, and emotionally distressed.

51. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

52. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

53. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against Defendants.

**AS A FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**OVERTIME**

54. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

55. Defendants willfully employed Plaintiff in the afore-mentioned enterprise for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which he was employed.

56. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201 et seq. and its implementing regulations.

57. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA, was a

direct violation of the FLSA, specifically 29 U.S.C. §207.

58. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

59. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW
## OVERTIME

60. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

61. Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of New York Labor Law § 170.

62. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

63. Defendants also failed to pay Plaintiff a premium/additional amount for hours worked in excess of ten (10) hours per day, in violation of 12 NYCRR § 142-2.4.

64. Defendants' failure to comply with the New York Labor Law overtime requirements and "spread of hours" requirements caused Plaintiff to suffer loss of wages and interest thereon.

65. Defendants' failure to pay proper overtime wages and "spread of hours" wages was willful.

66. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

**AS A THIRD CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**
**EMPLOYEE RECORDS**

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

68. Defendants failed to keep employee-specific records documenting, *inter alia,* actual hours worked in each week, in violation of New York Labor Law § 661 and 12 NYCRR 142-2.6.

**AS A FOURTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**
**NOTICE POSTING**

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

70. Defendants failed to post any notice summarizing the employee's rights in a conspicuous place at the workplace in violation of 12 NYCRR 142-2.8, thereby depriving Plaintiff of any information or understanding of his rights under state minimum wage and overtime laws.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

71. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72. The Administrative Code of City of NY § 8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital

status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

73. Defendants violated the section cited herein as set forth.

**AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

74. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

76. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

**AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

77. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

78. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

a. An employer shall be liable for an unlawful discriminatory practice based

upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   i. the employee or agent exercised managerial or supervisory responsibility; or

   ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

79. Defendants violated the section cited herein as set forth.

**AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

80. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

81. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

82. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against Plaintiff for opposing the sexual harassment and pervasive discrimination of Defendants.

**JURY DEMAND**

83. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA, NYSLL, and NYCHRL by failing to pay Plaintiff overtime wages and discriminating against Plaintiff on the basis of his national origin, gender, perceived sexual orientation, and sexually harassing Plaintiff, and then unlawfully terminating his employment due to same;

B. Awarding damages to the Plaintiff, retroactive to the date of his discharge, for all lost overtime, and for lost wages and benefits resulting from Defendants' unlawful termination of Plaintiff's employment, and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
March 25, 2013

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

By: ______________________
Jesse Rose, Esq.
*Attorneys for Plaintiff*
30 Broad Street, 35th Floor
New York, New York 10004
(212) 248-7431
jrose@tpglaws.com