UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE MANUEL MARISCAL, JR.

      Plaintiff,

  -V-              **ANSWER TO COMPLAINT**
                  **AS AMENDED**

GREG's IRON WORKS, INC.,     Docket No.  13-cv-1660
FERRO FABRICATORS & ELLIOT   (FB)(RER)
SOSINOV

      Defendants.
-----------------------------------------------------------X

  Greg's Iron Works, Inc., Ferro Fabricators, Inc., sued herein as Ferro Fabricators, & Elliot Sosoinov, collectively referred to as Defendants, answer the Complaint of Jose Manuel Mariscal, Jr. ("Plaintiff" or "Mariscal"), as has been amended pursuant to stipulation of May 31, 2013, as follows:

1. Defendants deny each and every allegation set forth in paragraph 1 of the Complaint.

2. Defendants deny each and every allegation set forth in paragraph 2 of the Complaint.

3. Defendants admit that this action is brought under the FLSA (29 U.S.C. §2166), but deny that they have in way violated the statute. The Defendants further deny that jurisdiction exists under 29 U.S.C. 1343.

4. Defendants deny each and every allegation set forth in paragraph 4 of the Complaint.

5. Defendants deny each and every allegation set forth in paragraph 5 of the Complaint, but admit that Defendants Greg's Iron Works Inc & Ferro Fabricators have places of business within the County of Kings, State of New York, within the Eastern District of New York.

6. Defendants deny knowledge or information sufficient to form a belief as for the allegations set forth in paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. Defendants deny each and every allegation set forth in paragraph 8 of the Complaint.

9. Defendants deny each and every allegation set forth in paragraph 9 of the Complaint.

10. Defendants deny each and every allegation set forth in paragraph 10 of the Complaint.

11. Defendants admit the allegations set forth in paragraph 11 of the Complaint.

12. Defendants deny each and every allegation set forth in paragraph 12 of the Complaint.

13. Defendants can neither admit nor deny the allegations set forth in paragraph 13 of the Complaint but accept for purposes of the remaining allegations that the word "Defendants" refers to all the three defendants collectively.

14. Defendants deny each and every allegation set forth in paragraph 14 of the Complaint.

15. Defendants deny each and every allegation set forth in paragraph 15 of the Complaint.

16. Defendants deny each and every allegation set forth in paragraph 16 of the Complaint, but admit that the FLSA defines the term employer at 29 U.S.C. §203 (d).

17. Defendants deny each and every allegation set forth in paragraph 17 of the Complaint.

18. Defendants deny each and every allegation set forth in paragraph 18 of the Complaint.

19. Defendants deny each and every allegation set forth in paragraph 19 of the Complaint.

20. Defendants deny each and every allegation set forth in paragraph 20 of the Complaint.

21. Defendants deny each and every allegation set forth in paragraph 21 of the Complaint, except that they admit that Plaintiff was properly paid all wages due him.

22. Defendants deny each and every allegation set forth in paragraph 22 of the Complaint.

23. Defendants deny each and every allegation set forth in paragraph 23 of the Complaint.

24. Defendants deny each and every allegation set forth in paragraph 24 of the Complaint.

25. Defendants deny each and every allegation set forth in paragraph 25 of the Complaint.

26. Defendants deny each and every allegation set forth in paragraph 26 of the Complaint.

27. Defendants deny each and every allegation set forth in paragraph 27 or the Complaint and affirmatively assert that prior to the commencement of this action when Plaintiff raised a question of statutory underpayment, such was investigated and to the extent an underpayment arguably existed, such was paid to Plaintiff.

28. Defendants deny each and every allegation set forth in paragraph 28 of the Complaint.

29. Defendants deny each and every allegation set forth in paragraph 29 of the Complaint.

30. Defendants deny each and every allegation set forth in paragraph 30 of the Complaint.

31. Defendants deny each and every allegation set forth in paragraph 31 of the Complaint.

32. Defendants deny each and every allegation set forth in paragraph 32 of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as for the allegations set forth in paragraph 33 of the Complaint.

34. Defendants deny each and every allegation set forth in paragraph 34 of the Complaint.

35. Defendants deny each and every allegation set forth in paragraph 35 of the Complaint.

36. Defendants deny each and every allegation set forth in paragraph 36 of the Complaint.

37. Defendants deny each and every allegation set forth in paragraph 37 of the Complaint.

38. Defendants deny each and every allegation set forth in paragraph 38 of the Complaint.

39. Defendants deny each and every allegation set forth in paragraph 39 of the Complaint.

40. Defendants deny each and every allegation set forth in paragraph 40 of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as for the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny each and every allegation set forth in paragraph 42 of the Complaint.

43. Defendants deny each and every allegation set forth in paragraph 43 of the Complaint.

44. Defendants deny each and every allegation set forth in paragraph 44 of the Complaint.

45. Defendants deny each and every allegation set forth in paragraph 45 of the Complaint.

46. Defendants deny each and every allegation set forth in paragraph 46 of the Complaint.

47. Defendants deny each and every allegation set forth in paragraph 47 of the Complaint.

48. Defendants deny each and every allegation set forth in paragraph 48 of the Complaint.

49. Defendants deny each and every allegation set forth in paragraph 49 of the Complaint.

50. Defendants deny each and every allegation set forth in paragraph 50 of the Complaint.

51. Defendants deny each and every allegation set forth in paragraph 51 of the Complaint.

52. Defendants deny each and every allegation set forth in paragraph 52 of the Complaint.

53. Defendants deny each and every allegation set forth in paragraph 53 of the Complaint.

54. Defendants admit and deny the allegations set forth in paragraph 54 of the Complaint to the extent previously admitted and denied.

55. Defendants deny each and every allegation set forth in paragraph 55 of the Complaint.

56. Defendants deny each and every allegation set forth in paragraph 56 of the Complaint.

57. Defendants deny each and every allegation set forth in paragraph 57 of the Complaint.

58. Defendants deny each and every allegation set forth in paragraph 58 of the Complaint.

59. Defendants deny each and every allegation set forth in paragraph 59 of the Complaint.

60. Defendants admit and deny the allegations set forth in paragraph 60 of the Complaint to the extent previously admitted and denied.

61. Defendants deny each and every allegation set forth in paragraph 57 of the Complaint.

62. Defendants deny each and every allegation set forth in paragraph 62 of the Complaint.

63. Defendants deny each and every allegation set forth in paragraph 63 of the Complaint.

64. Defendants deny each and every allegation set forth in paragraph 64 of the Complaint and

affirmatively assert that the allegation as to spread of hours has been dismissed with prejudice.

65. Defendants deny each and every allegation set forth in paragraph 65 of the Complaint and affirmatively assert that the allegation as to spread of hours has been dismissed with prejudice.

66. Defendants deny each and every allegation set forth in paragraph 66 of the Complaint.

67. Defendants deny each and every allegation set forth in paragraph 67 of the Complaint and affirmatively assert that the allegation as to spread of hours has been dismissed with prejudice.

68. Defendants deny each and every allegation set forth in paragraph 68 of the Complaint and affirmatively assert that the allegation as to spread of hours has been dismissed with prejudice.

69. Defendants deny each and every allegation set forth in paragraph 69 of the Complaint and affirmatively assert that the allegation as to spread of hours has been dismissed with prejudice.

70. Defendants deny each and every allegation set forth in paragraph 70 of the Complaint and affirmatively assert that the allegation as to spread of hours has been dismissed with prejudice.

71. Defendants admit and deny the allegations set forth in paragraph 71 of the Complaint to the extent previously admitted and denied.

72. Defendants admit that the Administrative Code quoted in paragraph 72 of the Complaint is correct.

73. Defendants deny each and every allegation set forth in paragraph 73 of the Complaint.

74. Defendants admit and deny the allegation set forth in paragraph 74 of the Complaint to the extent previously admitted and denied.

75. Defendants admit that the Administrative Code quoted in paragraph 75 of the Complaint is correct.

76. Defendants deny each and every allegation set forth in paragraph 76 of the Complaint.

77. Defendants admit and deny the allegations set forth in paragraph 77 of the Complaint to the extent previously admitted and denied.

78. Defendants deny each and every allegation set forth in paragraph 78 of the Complaint.

79. Defendants deny each and every allegation set forth in paragraph 79 of the Complaint.

80. Defendants admit and deny the allegations set forth in paragraph 80 of the Complaint to the extent previously admitted and denied.

81. Defendants admit that the Administrative Code quoted in paragraph 81 of the Complaint is correct.

82. Defendants deny each and every allegation set forth in paragraph 82 of the Complaint.

83. Defendants neither admits nor denies the allegations set forth in paragraph 83 of the Complaint, as it is merely a demand for trial by jury. Defendants object to having a jury trial matters that are for the Court to decide.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

84. Plaintiffs have failed to allege a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

85. This Court lacks jurisdiction over the subject matter of this litigation and the parties hereto.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

86. This action is barred by the doctrines of waiver and estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

87. This action is barred by doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

88. The Plaintiff has failed to mitigate his damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

89. Defendants Greg's Iron Workers Inc., has fully compensated Plaintiff for all work performed.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

90. Plaintiff's Fair Labor Statement Act ("F.L.S.A.") claims against Defendant Sosinov is barred because Defendant Sosinov was not an employer engaged in commerce as defined in the F.L.SA.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

91. Plaintiff's New York Labor Law ("NYLL") claims against Defendant Sosinov are barred because Defendant Sosinov was not Plaintiff's employer as defined in the NYLL.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

92. Plaintiff cannot recover liquidated damages under FLSA because, in accordance with 29 U.D. §260, the Defendants at all times acted in good faith and believed that their conduct was not in violation of the FLSA.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

93. To the extent Plaintiff could establish that Defendants are liable under the FLSA, Plaintiff's recovery must be limited because the Defendants did not act wilfully.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

94. The complaint is barred under the doctrine of payment.

## AS AND FOR A TWELFTH FIRST AFFIRMATIVE DEFENSE

95. The damages alleged in this action by Plaintiff, if any, were in fact sustained, were caused by the acts of omission of others, including the Plaintiff, for which Defendants have no legal responsibility or culpability.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

96. This action is barred, in whole or in part, as a result of the Plaintiff's own wrongful and dilatory conduct and his own inactions.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

97. Plaintiff has failed to exhaust his administrative remedies prior to commencing this action.

98. Plaintiff has failed to allege sufficient facts to fall within 28 USC 1343.

99. Plaintiff's claim under 28 U.S.C. 1343 is accordingly barred.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

100. The claims of Plaintiff relating to state law or local ordinance are not related to the case or controversy alleged as the basis for federal court jurisdiction.

101. This Court lacks supplemental jurisdiction over all state and local causes of action. (Third, Fourth, Fifth, Sixth Causes of Action).

**WHEREFORE,** Defendants demand judgment dismissing the Complaint, with prejudice, and awarding Defendants attorney's fees, costs and disbursements of this action, and such other and further relief as this Honorable Court deems just and proper.

Dated: New York, New York
       June 4, 2013

RAAB, STURM & GANCHROW, LLP.

By: _____

Ira A. Sturm (IS-2042)
*Attorneys for Defendants*
317 Madison Avenue, Suite 1708
New York, New York 10017
Tel: (212)683-6699
Fax: (212)779-8596
Email: isturm@rsgllp.com